UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMOS LEE,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN AIRLINES, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-05-2709 SC (EMC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR TERMINATING SANCTIONS OR, IN THE ALTERNATIVE, EVIDENTIARY SANCTIONS AND ISSUE SANCTIONS AND AN ORDER COMPELLING DEPOSITION APPEARANCE**<br><br>**(Docket No. 43)** |

    Defendant American Airlines filed a motion asking for terminating sanctions or, in the alternative, for issue and evidentiary sanctions and an order compelling Plaintiff Amos Lee to appear for deposition. American also asked for attorney's fees pursuant to Federal Rule of Civil Procedure 37(b). Mr. Lee failed to file an opposition to the motion.

    On July 24, 2006, the Court held a hearing on American's motion. When Mr. Lee's counsel failed to appear for the hearing, the Court contacted him by telephone. Counsel asked for permission to appear by telephone and the Court granted the request. Having considered American's briefs and accompanying submissions as well as the oral argument of both counsel, and good cause appearing therefor, the Court hereby GRANTS in part and DENIES in part American's motion.[1]

///

---

[1] The Court declines to adopt the proposed order submitted by American because it is difficult to understand and because it imposes obligations on Mr. Lee that are not appropriate.

### I. DISCUSSION

A. Terminating Sanctions

The Court denies American's request for terminating sanctions. This is the most severe sanction that a party can seek and requires the Court to consider various factors, namely, (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its dockets, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994). The Court must also take into account whether the violation of the discovery order was due to the willfulness, bad faith, or fault of the party. *See id.* at 1167. "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." *Id.*

The Court concludes that terminating sanctions are not appropriate at this point, especially when less drastic sanctions are available and when American will not suffer any prejudice as the Court is ordering Mr. Lee to provide the discovery at issue in a short timeframe.

B. Issue and Evidentiary Sanctions and Order Compelling Deposition

The Court likewise denies American's request for issue and evidentiary sanctions because they are so severe as to be tantamount to terminating sanctions. For the reasons stated above, there are alternative remedies as provided herein.

The Court orders that Mr. Lee appear for a deposition, as requested by American. The deposition shall take place on July 31, 2006, at 9:00 a.m., at defense counsel's San Francisco office.

The Court further orders Mr. Lee to produce all documents responsive to Requests Nos. 2, 5, 6, 8, 9-10, 16-20, 22, 23, 24, 26, 29, 34, 44, and 48. Mr. Lee has no obligation to identify by Bates number which documents pertain to which requests so long as he produces the documents "as they are kept in the usual course of business." Fed. R. Civ. P. 34(b). Otherwise he must identify which documents respond to which requests.

In addition, Mr. Lee is ordered to provide a declaration stating that all responsive documents that are locatable after a diligent search of all locations at which such materials might plausibly exist

have been produced as to each of these document requests. If no responsive documents to a particular request exist, then Mr. Lee should state such in his declaration.

Finally, Mr. Lee is ordered to supplement his responses to Interrogatories Nos. 3 and 6.

Mr. Lee shall provide the above discovery and declaration to American by no later than 12:00 p.m. on July 28, 2006.

C.  Attorney's Fees

In its motion, American sought not only terminating or preclusion sanctions but also attorney's fees pursuant to Rule 37(b). Under Rule 37(b)(2), if a party fails to obey an order to provide or permit discovery, a court "may make such orders in regard to the failure as are just." Fed. R. Civ. P. 37(b)(2). For example, a court may issue an order precluding the party from introducing evidence on specific matters. *See id.* In lieu of or in addition to such orders, "the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." *Id.*

According to American, Rule 37(b)(2) is implicated because Mr. Lee failed to comply with this Court's order of March 23, 2006. *See* Docket No. 32. In that order, the Court instructed Mr. Lee to provide complete responses to American's first set of document requests, produce all documents responsive to American's first set of document requests, and provide complete responses to American's first set of interrogatories. The Court also ordered Mr. Lee to pay American $3,000 in attorney's fees. Mr. Lee was given thirty days from the date of the order to comply. American claims that Mr. Lee has failed to comply with the terms of the order, although it acknowledges that it did receive some documents from Mr. Lee in April 2006 -- some of which had been previously produced and others which "were unorganized and not categorized so as to indicate which Document Request they were responsive to." Mot. at 5.

At the hearing, Mr. Lee's counsel did not argue that his client had satisfied the terms of the Court's order of March 23, 2006. Moreover, counsel did not make any argument that the failure to comply was substantially justified or that other circumstances make an award of expenses unjust other than pointing to the fact that he was hopeful the case could be successfully mediated. The

1  prospect of mediation does not relieve the party of complying in a timely fashion with discovery
2  obligations, especially when ordered by the Court.  The Court therefore finds that American is
3  entitled to reasonable attorney's fees pursuant to Rule 37(b).  However, the Court notes that, with
4  respect to the documents that Mr. Lee did produce in April 2006, Mr. Lee had no obligation to
5  "organize and label them to correspond with the categories in the request," so long as he produced
6  the documents as "kept in the usual course of business."  Fed. R. Civ. P. 34(b).  Simply because the
7  documents may have been unorganized does not mean that they were not kept that way in the usual
8  course of business.

9      As for what is a reasonable fee, American claims that it should be awarded $2,450, a sum
10 which reflects that its counsel spent 8 hours meeting and conferring and preparing the motion and
11 0.5 hours deposing Mr. Lee "with respect to documents not yet produced."  Cole Decl. ¶ 27.  At the
12 hearing, counsel for American asserted that this was especially reasonable given that American was
13 not asking to be compensated for the time its attorney spent traveling to, appearing for, and arguing
14 at the hearing.

15     The Court finds that the fee sought by American should be adjusted.  First, American should
16 not be compensated for the 0.5 hours that its attorney spent deposing Mr. Lee because the deposition
17 took place *prior* to the Court's discovery order with which Mr. Lee failed to comply.  *See* Cole Decl.
18 ¶ 11 (stating that deposition took place on February 9, 2006).  Second, given the straightforward
19 nature of this discovery dispute, spending 8 hours to meet and confer and prepare a motion is
20 excessive.  Finally, although the Court acknowledges that American is not asking to be compensated
21 for all of its attorney's time, the time spent appearing for and arguing at the hearing was negligible.
22 Moreover, the time spent by its attorney traveling from Los Angeles would not be compensable since
23 there is counsel of record located in San Francisco (from the same firm) who could have appeared
24 for and argued at the hearing.  The Court concludes that a reasonable fee is $1,500, *i.e.*, 6 hours of
25 Mr. Cole's time.  Mr. Lee is ordered to pay this amount within thirty days of the filing of this order.
26 ///
27 ///
28 ///

D. <u>Warning re Future Sanctions</u>

As a final point, the Court warns Mr. Lee that, although it is not recommending terminating or preclusion sanctions at this juncture, should Mr. Lee fail to comply with this order, then the Court shall recommend to the presiding judge that sanctions of this type be issued.

IT IS SO ORDERED.

Dated: July 26, 2006

_____
EDWARD M. CHEN
United States Magistrate Judge